[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
The defendant, Jennifer Wegner, has moved to strike Count II, ¶¶ 8a through 8c, and Count III, and corresponding prayers for relief, for the reason that the plaintiff has insufficiently alleged a claim for either recklessness under Connecticut General Statute § 14-295, or common law recklessness.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997). "A motion to strike admits all facts well pleaded." (Emphasis in original; internal quotation marks omitted.) Id., 588.
The appellate courts have not decided what degree of specificity is required to support a claim of recklessness under Connecticut General Statute § 14-295, and the Superior Courts are split on this issue. CT Page 6361Chieffo v. Yannielli, No. CV 000159940, Judicial District of Waterbury (January 29, 2001, Doherty, J.). This court adopts the view that Connecticut General Statute § 14-295 does not mandate the same degree of specificity as required when pleading a claim based on common law recklessness. "§ 14-295 is clear on its face . . . [and sets forth] the essential components of a properly pleaded statutory negligence claim: deliberate or reckless operation; violation of one or more of the listed statutes; and that the violation was a substantial factor in causing the injury. Where a plaintiff specifically pleads each of these components, the plaintiff has fully complied with all that the statute requires." Milton v. Sande, No. CV 01050901, 2001 WL 1755123 (December 7, 2001, Wiese, J.), citing: Rocco v. Hall, No. 358709, Judicial District of Fairfield at Bridgeport, (April 7, 1999, Skolnick, J.)
In this case, Count II of the plaintiff's complaint sufficiently states a claim of statutory recklessness. As to Count II, §§ 8a through 8c, and the corresponding prayer for relief, the defendant's Motion to Strike is denied.
As to Count III, however, the plaintiff provides no factual basis to support a common law recklessness claim, beyond those articulated in Count I, which is premised on negligence. In Count III the plaintiff asserts that the defendant drove with deliberate or reckless disregard of others, and that the defendant knew or should have known that such conduct could cause harm; however, these assertions do not satisfy the requirements of pleading common law recklessness. Recklessness requires "a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But in order to infer it there must be more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take precautions to avoid injury to them." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 532,542 A.2d 711 (1988). Such "conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Elliott v. Waterbury, 245 Conn. 385, 415,715 A.2d 27 (1998). The plaintiff's third count states no factual basis to demonstrate that the defendant's actions were performed with a reckless indifference to the interests of others. See: Ames v. Sears Robuck Co., 8 Conn. App. 642, 655, 514 A.2d 352 (1986). "A plaintiff cannot transform a negligence count into a count of wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence." Brown v. Branford, 12 Conn. App. 106, 110,529 A.2d 743 (1987) CT Page 6362
Because Count III of the plaintiff's complaint fails to meet the factual threshold of a claim in common law recklessness, the defendant's Motion to Strike Count III, and its corresponding prayer for relief is granted.
 ___________________, J. WOLVEN